Mike Arias, Esq. (CSB #115385)
Mark A. Ozzello, Esq. (CSB #116595)
Mikael H. Stahle, Esq. (CSB #182599)
ARIAS OZZELLO & GIGNAC LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045-1558
Tel: (310) 670-1600
Fax: (310) 670-1231
marias@aogllp.com

Walter L. Haines, Esq. (CSB #71075)
UNITED EMPLOYEES LAW GROUP, PC
65 Pine Avenue, Suite 312
Long Beach, CA 90802
Tel: (562) 256-1047
Fax: (562) 256-1006
walter@whaines.com

Attorneys for Class Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JIMMY TRINH, an individual, on behalf of himself and all others similarly situated; ERIC STOREY, an individual, on behalf of himself and all others similarly situated,

Plaintiffs,

vs.

JPMORGAN CHASE & CO., a Delaware corporation; JPMORGAN CHASE BANK, N.A., a New York corporation; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation; DOES 1 through 10, inclusive,

Defendants.

Case No. '07 CV-01666 W (WMC)

Hon. Thomas J. Whelan

**CLASS ACTION**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS**

Date: February 19, 2008
Ctrm.: 7
NO ORAL ARGUMENT PER LOCAL RULES

[FILED CONCURRENTLY WITH:

1. NOTICE OF MOTION AND MOTION TO FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS;
2. DECLARATION OF JIMMY TRINH;
3. DECLARATION OF ERIC STOREY; AND
4. [PROPOSED] ORDER

Complaint Filed: August 22, 2007
Trial Date: None

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1
I.   INTRODUCTION AND FACTUAL BACKGROUND ............................. 1
II.  ARGUMENT ...................................................................................... 3
    A.  Scope of the Proposed Class ................................................... 3
    B.  Notice Is Appropriate In This Case ......................................... 4
        1.  The U.S. Supreme Court Has Held That Court Directed Notice Is Appropriate in FLSA Litigation ......................................... 4
        2.  Plaintiffs Need Only Present A Modest Factual Showing to Establish That Other Loan Officer Employees Are Similarly Situated ................................................................. 7
        3.  The Merits Are Not To Be Considered For Purposes of Sending Out Notice ............................................................... 10
III. CONCLUSION ................................................................................. 12

Page i    '07 CV-01666 W (WMC)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'**
**MOTION TO FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS**

# TABLE OF AUTHORITIES

**CASES**

*Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 442-445 (N.D. Ill. 1982) ........................ 8, 10

*Ballaris v. Wacker Silttronic Corp.*, 2001 WL 1335809 *2 (D. Or. 2001) ........................... 8

*Belvher v. Shoney's*, 927 F.Supp. 249, 252 (M.D. Tenn. 1996) ......................................... 10

*Bonilla v. Las Vegas Cigar Company*, 61 F.Supp.2d 1129, 1137 (D. NV. 1999) ................. 5

*Church v. Consolidated Freightways, Inc.*, 137 F.R.D. 294, 305 (N.D. Cal. 1991) ......... 7, 10

*EEOC v. Pan Am World Airways, Inc.*, 897 F.2d 1499, 1508 n. 11 (9th Cir. 1990) .............. 5

*Garner v. G.D. Searle Pharmaceuticals & Co.*,
    802 F.Supp. 418, 422 (M.D. Alabama 1991) ....................................................... 8, 10

*Grayson v. K Mart Corp.*, 79 F.3d 1086 (11th Cir. 1996) ...................................................... 7

*Hipp v. Liberty National Life Insurance Co.*,
    252 F.3d 1208, 1217 (11th Cir. 2001) ............................................................ 4, 10, 12

*Hoffman v. Sbarro, Inc.*, 982 F.Supp.249, 262 (S.D.N.Y 1997), ........................................ 11

*Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989) ............................................ passim

*Hyman v. First Union Corp.*, 982 F.Supp. 1, 3-5 (D.D.C. 1997) .......................................... 6

*Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) ........................ 7

*Krueger v. New York Telephone Co.*, 1993 WL 276058 at *2 (S.D.N.Y. July 21, 1993) .... 11

*Lambert v. Ackerley*,
    180 F.3d 997, 1003 (9th Cir. 1999), *cert. denied*, 528 U.S. 1116 (2000) ................... 6

*Partlow v. Jewish Orphans' Home of Southern California, Inc.*,
    645 F.2d 757, 759 (9th Cir. 1981) ................................................................................ 5

*Pirrone v. North Hotel Associates*, 108 F.R.D. 78, 82 (E.D. Pa. 1985) ................................. 6

*Realite v. Ark Restaurants Corp.*, 7 F.Supp. 2d 303, 306 (S.D.N.Y. 1998) ..................... 8, 10

*Severtson v. Phillips Beverage Company*, 137 F.R.D. 264, 266 (D. Minn. 1991) ................. 8

*Shain v. Armour*, 40 F.Supp. 488 (W.D. Kentucky 1941) ..................................................... 9

*Zhao v. Benihana*, 2001 WL 845000 (S.D.N.Y. May 7, 2001) ............................................. 8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION TO FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS

ARIAS OZZELLO & GIGNAC LLP

**STATUTES**

§ 216(b) .................................................................................................................. 7

29 *U.S.C.* § 256 ................................................................................................. 2, 5

29 U.S.C. § 256(b) ................................................................................................ 2

FEDERAL FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq* ............................ 1

FEDERAL RULE OF CIVIL PROCEDURE 23 ............................................................... 2

ARIAS OZZELLO & GIGNAC LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs Jimmy Trinh and Eric Storey were loan officers for Defendants JP Morgan Chase & Co., JP Morgan Chase Bank, N.A., and Chase Manhattan Mortgage Corporation ("Defendants"). These Defendants improperly classified Plaintiffs, and the Putative Class, as "commission" employees exempt from legally mandated overtime compensation. Plaintiffs filed the subject wage and hour class action on August 22, 2007. Plaintiffs allege, among other things, that, during their employment with Defendants, they regularly worked more than forty (40) hours per week, but were not paid overtime compensation. Plaintiffs are suing these Defendants under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act") to recover time and a half for all hours worked in excess of forty (40) hours per week, as well as liquidated damages, and reasonable attorney's fees and costs incurred in the litigation of this action. Defendants have answered the Complaint by denying all of Plaintiffs' claims.

On December 12, 2007, the parties appeared before the Honorable William McCurine, Jr. for an Early Neutral Evaluation, but were unable to resolve the matter. As a result, it is now appropriate for the Court to conditionally certify an FLSA Class and order the issuance of a FLSA "opt-in" notice to the members of the Class.

In the present action, overtime wages are sought under the provisions of the FLSA. The FLSA entitles employees, such as Plaintiffs, to sue collectively on behalf of themselves and others who are "similarly situated" for unpaid overtime compensation. The statute provides as follows:

> "An action to recover the liability prescribed in either of the
> preceding sentences may be maintained against any
> employer (including a public agency) in any Federal or State

court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." [emphasis added] 29 U.S.C. §216(b)".

Unlike a class action under FEDERAL RULE OF CIVIL PROCEDURE ("FRCP") Rule 23, in which individuals are members of a class until they affirmatively "opt out," each individual member of an FLSA collective action must affirmatively "opt in" by filing a written "Consent" to become a party plaintiff. Absent equitable or contractual tolling, the statute of limitations for any given individual may not be tolled until he or she has filed a Consent To Join Action form. See 29 U.S.C. § 216(b); 29 U.S.C. § 256(b).

By this motion, Plaintiffs request that the Court conditionally certify the proposed FLSA Class and order the issuance of a FLSA Notice to inform, and permit, all loan officers employed by these Defendants to "opt in". It is incontrovertible that each of the potential Class members is similarly situated to the named Plaintiffs. The United States Supreme Court has held that the district courts have discretion in such a case to facilitate notice to potential class members. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989).

As alleged in the Complaint and attested to by the declarants herein, Defendants have engaged in, and implemented, a uniform plan or scheme to extract free labor from their loan officers who were improperly classified as "commission" employees.[1] As a result of Defendants' uniform scheme to misclassify their loan officers as "commission" employees, Defendants' employees regularly work hours

---

[1] *See*, First Amended Complaint ¶¶ 14 and 17-26; Declaration of Jimmy Trinh ("Trinh Decl.") ¶¶ 8-9; and Declaration of Eric Storey ("Storey Decl.").

in excess of forty (40) in a workweek without overtime compensation in violation of the FLSA.

Under *Hoffman-LaRoche*, and for purposes of Notice, Plaintiffs need only demonstrate that they are "similarly situated" with other potential class members. As described herein, and as supported by Plaintiffs' declarations, the present case easily meets the "similarly situated" test. Therefore, Notice to potential class members is appropriate, and Plaintiffs respectfully request that the Court issue an Order conditionally certifying the proposed FLSA class and approving such Notice. Plaintiffs further request that the Court issue an Order compelling Defendants to provide to Plaintiffs a list of all potential class members. Plaintiffs not only have a right to this information as directed by the U.S. Supreme Court in *Hoffman-LaRoche*, but the legitimate claims of potential class members will be prejudiced if they are not notified and given the opportunity to "opt in" to this litigation.

## II.

## ARGUMENT

### A. Scope of the Proposed Class

Defendants failed to pay overtime compensation to all of their loan officer employees who Defendants misclassified as "commission" employees. Despite the fact that Defendants knew, or should have known, that such employees were in properly classified as exempt "commission" employees, Defendants chose to engage in this illegal conduct. To notify these individuals of their ability to "opt in" to this litigation, Plaintiffs propose sending Notice to all individuals in California and nationwide who were employed by Defendants as loan officer employees. Specifically, as defined in the First Amended Complaint, Plaintiffs seek to send Notice to the following class:

> "All current and former loan officer employees of
> [Defendants] who, at any time in the three-year period
> before the filing of this action or at any time thereafter,

> worked more than 40 hours in any given workweek but were not paid at least one and one-half times their regular rate of pay for all hours worked beyond 40 hours in such workweek."[2]

Complaint ¶ 5. Plaintiffs respectfully ask the Court for an Order conditionally certifying the proposed FLSA class and directing Defendants to disclose the names and addresses of all individuals as described above. With Court approval, Plaintiffs will send the attached Notice and Consent forms to all the individuals so disclosed by Defendants.

### B.     Notice Is Appropriate In This Case

#### 1.     The U.S. Supreme Court Has Held That Court Directed Notice Is Appropriate in FLSA Litigation

An employee alleging violations of the FLSA may bring an action on behalf of himself or herself and all others "similarly situated." 29 U.S.C. § 216(b), *supra*. Such actions, considered "collective actions," benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact." *Hoffman-LaRoche, supra,* at 170. Further, a collective action provides Plaintiffs the opportunity to "[l]ower individual costs to vindicate rights by the pooling of resources." *Id.*

Unlike a class action under FRCP 23, plaintiffs in an action under the FLSA must affirmatively "opt in" to participate in the litigation. 29 U.S.C. § 216(b) *supra*; *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). If an individual employee fails to opt in by filing a written consent, he or she will not be bound by the outcome, whether or not it is favorable, and may bring a subsequent private action. *EEOC v. Pan Am World Airways, Inc.*, 897 F.2d 1499,

---

[2] The Court should note that this is both a National class and a California Class as indicated in ¶ 5 of Plaintiffs Complaint. As such, and although California class members will not necessarily be subject to the opt-in requirement of the FLSA, notice should emanate to those individuals.

1508 n. 11 (9th Cir. 1990). Since, absent equitable tolling, the statue of limitations for each plaintiff may not be tolled until he or she individually opts into the litigation, 29 *U.S.C.* § 256; *Partlow v. Jewish Orphans' Home of Southern California, Inc.*, 645 F.2d 757, 759 (9th Cir. 1981), the benefits of a collective action cannot by realized unless potential "opt-in" plaintiffs are informed of the action in a timely manner. Addressing the problem of FLSA rights made stale through lack of knowledge, the Supreme Court has held that courts in actions under the FLSA may facilitate the issuance of a Notice informing potential "opt-in" plaintiffs of the pending collective action. *Hoffman-LaRoche, supra,* at 170, [abrogating *Partlow*].

The United States Supreme Court has also held that district court approval and facilitation of Notice serve the goals of "avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffman-LaRoche, supra,* at 171.[3] For example, in *Pirrone v. North Hotel Associates*, 108

---

[3] The court in *Bonilla v. Las Vegas Cigar Company*, 61 F.Supp.2d 1129, 1137 (D. NV. 1999) recognized that certification of collective actions is usually granted:

> "A closer examination of the cases reveals that most courts that have "certified" a collective action have done so at the request of the parties, usually at the behest of the plaintiffs who seek the court's assistance in sending Notice to potential plaintiffs, or who seek discovery of the names and addresses of potential plaintiffs. See *Brzychnalski*, 35 F.Supp.2d at 354 (granting authorization to proceed as a collective action and to give Notice); *Realite*, 7 F.Supp.2d at 308 (certifying class for Notice and discovery purposes); *Thiessen*, 996 F.Supp. at 1085 (granting plaintiff's motion to certify); *Vaszlavik*, 175 F.R.D. at 685 (granting plaintiff's motion for certification); *Hyman*, 982 F.Supp. at 6 (granting plaintiff's motion to authorize collective action); *Cash*, 2 F.Supp.2d at 897 (allowing discovery to identify potential plaintiffs but eventually denying plaintiffs request for certification); *Wyatt*, 1996 WL 509654, at *1-2 (granting plaintiff's request to certify while recognizing that although certification not mentioned in § 216(b), many courts have certified actions) (listing cases); *Krueger*, 163 F.R.D. 433, 444 (S.D.N.Y.1995) (plaintiffs move for certification); *Crain*, 1992 WL 91946, at *3 (granting plaintiff's motion to certify). The courts' actions in these cases, therefore, have been more focused on determining what role the court itself should have in issuing Notice of the collective action to potential plaintiffs or directing discovery."

F.R.D. 78, 82 (E.D. Pa. 1985), the court held that Notice to all similarly situated employees was appropriate:

> "[I]n light of the broad remedial purpose of the FLSA, the explicit provision in the Act for representative actions, the practical realities of management of class actions, and the courts' interest in avoiding multiplicity of lawsuits."

In so holding, the court recognized that "the FLSA was enacted to protect employees... The class action procedure, however, would have little or no significance if Notice was not permitted in some form." *Id.* at 82. *See also, Lambert v. Ackerley*, 180 F.3d 997, 1003 (9th Cir. 1999), *cert. denied*, 528 U.S. 1116 (2000) (noting that "[t]he FLSA is remedial and humanitarian in purpose... Such a statute must not be interpreted or applied in a narrow, grudging manner") (citations omitted).

The standard for determining if Plaintiffs are "similarly situated" is a lenient one. Among the relevant factors in determining whether Plaintiffs are sufficiently similarly situated to support a collective action are: (1) whether there is evidence that the alleged activity was part of an institution wide practice, (2) the extent of the similarities among the members of the proposed collective action, in particular whether the members all are challenging the same employment practice, and (3) the extent to which members of the proposed action will rely on common evidence. *See, Hyman v. First Union Corp.*, 982 F.Supp. 1, 3-5 (D.D.C. 1997).

Satisfying the test outlined above, Plaintiffs and members of the putative classes are clearly "similarly situated" as required in the FLSA. Defendants have engaged in, and implemented, a uniform plan or scheme to extract free labor from their loan officers who were misclassified as "commission" employees. Each of the loan officer employees had essentially the same job description and was compensated in the same manner. Undeniably, as supported by their declarations, Plaintiffs have met their burden of demonstrating that they are "similarly situated"

with potential members of the class. Therefore, this Court should conditionally certify the proposed class, approve Plaintiffs' proposed Notice, and order Defendants to provide a full list of all potential litigants to facilitate Notice of this action.

### 2. Plaintiffs Need Only Present A Modest Factual Showing to Establish That Other Loan Officer Employees Are Similarly Situated

The "similarly situated" threshold is much less stringent than the standard imposed by FRCP 23. *Church v. Consolidated Freightways, Inc.*, 137 F.R.D. 294, 305 (N.D. Cal. 1991). In fact, "the 'similarly situated' requirement of § 216(b) is more elastic and less stringent than that requirements found in Rule 20 (joinder) and Rule 42 (severance)." *Grayson v. K Mart Corp.*, 79 F.3d 1086 (11th Cir. 1996). Where litigation is in its early stages, Plaintiffs may meet the burden of showing that potential class members are similarly situated for purposes of Notice authorization by merely providing "some factual basis from which the court can determine if similarly situated potential plaintiffs exist." The burden of showing that potential class members are similarly situated is less stringent than the ultimate determination that the class is properly constituted. *Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995)[4] To impose a strict standard of proof on

---

[4] *See also, Daggett v. Blind Enterprises of Oregon*, CV 95-421-ST, 1996 U.S. Dist. LEXIS 22465 (D. Or. Apr. 18, 1996) in which the court stated:

> "[m]any of the FRCP 23 protections are not necessary for §216(b) class action given the "opt in" requirement. A plaintiff who "opts in" presumably has decided that the benefits of joining the class outweigh any benefits of bringing an individual action. In other words, there is no need for the court to determine whether a class action is the most efficient method to proceed because each individual plaintiff has already concluded that a sufficiently common issue of fact or law exists and that he or she will be adequately represented. In addition, the due process protections of FRCP 23 are not as crucial when absent class members are not bound by the judgment."

*See also, Bradford v. Bed Bath & Beyond*, 184 F.Supp.2d 1342, 1345 (N.D. Ga. 2002) (the "similarly situated" standard "is less stringent than Rule 20(a)'s 'same transaction or

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION TO FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS

the plaintiff at the Notice stage would unnecessarily hinder the development of collective actions and would undermine the broad remedial goals of the FLSA. *Garner v. G.D. Searle Pharmaceuticals & Co.*, 802 F.Supp. 418, 422 (M.D. Alabama 1991).

In addition, Notice "need not await a final determination that the 'similarly situated' requirement is satisfied. Such a requirement would indeed place an ADEA [or FLSA] action in the 'chicken and egg' limbo..." *Severtson v. Phillips Beverage Company*, 137 F.R.D. 264, 266 (D. Minn. 1991). Instead, Plaintiffs meet their burden of demonstrating that they are similarly situated "by making a *modest* factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Realite v. Ark Restaurants Corp.*, 7 F.Supp. 2d 303, 306 (S.D.N.Y. 1998) [emphasis added].

The Court in this case may determine that Plaintiffs and others are similarly situated based only on the allegations of the complaint and the declarations of the named Plaintiffs. *See, e.g., Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 442-445 (N.D. Ill. 1982) (allegations in complaint sufficient) and *Zhao v. Benihana*, 2001 WL 845000 (S.D.N.Y. May 7, 2001) (one affidavit based on plaintiff's "best knowledge" sufficient). The court need not wait for the completion of discovery before authorizing Notice. *Realite*, 7 F.Supp. 2d at 306.

To satisfy the requirements of *Hoffman-LaRoche*, "[a]ll that need be shown by the plaintiff is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Ballaris v. Wacker Silttronic Corp.*, 2001 WL 1335809 *2 (D. Or. 2001), (quoting *Wertheim v. Arizona*, 1993 WL 603552 (D. Ariz. 1993). Plaintiffs have provided extensive evidence in their own declarations of the factual

---

occurrence' requirement for joinder and than Rule 23(b)(3)'s requirement that a class may only be certified if 'common questions predominate'").

and legal nexus binding Plaintiffs and potential class members as described by the Supreme Court in *Hoffman-LaRoche*. Since Defendants' scheme to misclassify "commission" employees applies equally to all loan officers, Plaintiffs and all other loan officer employees are "similarly situated" for *Hoffman-LaRoche* notice purposes.

While Defendants will undoubtedly argue that these employees are not similarly situated because of some difference in their duties, work hours, or physical location, the fact remains that Defendants' uniform scheme designed to extract free labor from their misclassified loan officers affects all such employees in exactly the same manner. That is, it places all such employees "between a rock and a hard place" where they are not receiving overtime compensation, but also are not receiving commissions in the same manner as the truly exempt "commission" employees. Individual minor differences in work duties, shifts, or location are irrelevant, as Defendants' scheme creates a predicament that is similar for all employees. The court in *Shain v. Armour*, 40 F.Supp. 488, 490 (W.D. Kentucky 1941) explained the "similarly situated" standard as follows:

> "It is of course true as the defendant contends, that many differences exist between the plaintiff and other employees of the defendant even though engaged in the same type of work, such differences being as to the time worked, wages actually due, and hours of overtime involved. But such differences merely mean that their positions and claims are not identical; it does not follow that they are not similar. Employees must be similarly situated without being identically situated. The evident purpose of the Act is to provide one law suit in which the claims of different employees, different in amount but all arising out of the <u>same character of employment</u>, can be presented and

adjudicated, regardless of the fact that they are separate and independent of each other." [Emphasis added.]

In this regard, the fact that Plaintiffs and members of the putative class may have worked in different locations is immaterial to the "similarly situated" analysis in this case. *See*, e.g., *Hipp, supra,*, 252 F.3d at 1219 ("different geographical locations" immaterial to similarly situated determination); *Realite, supra,*, 7 F.Supp. 2d at 304 - 305 (S.D.N.Y. 1998) (similarly situated despite working at 15 different restaurants); *Belvher v. Shoney's*, 927 F.Supp. 249, 252 (M.D. Tenn. 1996) (similarly situated despite working in at least 22 states and 200 cities); *Church v. Consolidated Freightways, Inc.*, 137 F.R.D. 294, 298 (N.D. Cal. 1991) (Notice appropriate in ADEA action even though class members "were employed at 112 different locations in 74 different jobs and left employment on 103 different dates"); *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 442 (N.D. Ill. 1982) (certification and Notice appropriate in ADEA action even though plaintiffs "occupied varying positions in its corporate hierarchy, worked in varying stores in varying geographic locations, and allege[d] discriminatory actions occurring on vastly varying dates").

### 3. The Merits Are Not To Be Considered For Purposes of Sending Out Notice

Issuance of Notice does not require any adjudication of the merits of Plaintiffs' claims, but rather depends solely upon the existence of similarly situated employees who are likely to assert similar claims. In *Garner v. G.D. Searle Pharm. & Co.*, 802 F.Supp. 418, 423 n. 3, 4 (M.D. Ala. 1991), the court recognized:

> "The court is not required, nor would it be well-advised, to adjudicate this case on its merits before resolving the issue of class notification. A primary purpose of notification is to locate other similarly-situated employees who may wish to bring their claims to the court's attention *before* this litigation

ARIAS OZZELLO & GIGNAC LLP

>is resolved." *Id.* "To impose a strict standard of proof [at the certification stage] would unnecessarily hinder the development of collective actions and would undermine the 'broad remedial goals' of the . . . FLSA."

*Id.* at 422 (citing *Hoffman-LaRoche*, 493 U.S. at 173).

Whether Defendants' loan officers are ultimately found not to have worked without compensation is not a concern at this stage. "Even if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying case." *Krueger v. New York Telephone Co.*, 1993 WL 276058 at *2 (S.D.N.Y. July 21, 1993). This motion is a *procedural* mechanism to send Notice to similarly situated employees.

In *Hoffman v. Sbarro, Inc.*, 982 F.Supp.249, 262 (S.D.N.Y 1997), the court held that a group of restaurant managers, alleging that they had been misclassified as overtime exempt, were similarly situated. The court expressly found that it should not weigh the merits of plaintiffs' claims, even at the certification stage, in order to determine that a definable group of similarly situated plaintiffs exists.[5]

Accordingly, Plaintiffs here, are entitled to a list of all of Defendants' loan officer employees. Plaintiffs have met their burden under the law of demonstrating that they and potential class members are "similarly situated." Plaintiffs respectfully request that the Court grant this Motion.

---

[5] While Plaintiffs do not need to demonstrate an ability to prevail on the merits for the purpose of this Motion, Plaintiffs can undeniably demonstrate that they, and other loan officers, were not employees exempt from the requirement to be compensated for overtime hours worked. Defendants presumably title their business as a "retail establishment" in an attempt to avail themselves of one of the FLSA exemptions for overtime compensation. Precedent clearly establishes that credit companies, banks, brokers, and finance companies lack the retail concept. *Mitchell v. Kentucky Finance*, 359 U.S. 290, 295 (1959); *see also Barnett v. Washington Mut. Bank, NA*, 2004 WL 1753400 (N.D.Cal. 2004). Consequently, Plaintiffs, and the putative Class, are not exempt employees, and will be able to prevail on the merits.

## III.

## CONCLUSION

The U.S. Supreme Court in *Hoffman-LaRoche*, articulated that court authorization of Notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action. *Hoffman, supra* at 172. In *Hipp v. Liberty National Life Insurance Co.*, 164 F.R.D. 574, 576 (M.D. Florida 1996) the court approved Notice in an opt-in collective action under the FLSA, stating,

> "The concentration of this litigation in one place will prevent other dockets from being clogged with multiple cases. It appears to the Court that the judicial system, potential class members, the litigants, counsel for the parties, and the public will all benefit from Notice of this opt-in class action suit because time and money of all parties will be efficiently used."

The same is true in the instant case. Ordering Notice to be sent to all potential class members will effectively consolidate and coordinate what would otherwise undoubtedly result in countless individual actions. Through their declarations attached hereto, Plaintiffs have demonstrated that they, and the members of the putative class, have been subjected to a *uniform scheme* under which they were misclassified as "commission" employees and not properly compensated for their overtime hours. Therefore, Plaintiffs have met their threshold burden of establishing that they and the potential class members are "similarly situated" as required by law.

///

///

///

///

Page 12    '07 CV-01666 W (WMC)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION TO FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS

Ordering Notice to be sent out to all potential class members will also promote judicial efficiency and serve the broad remedial purpose of the FLSA. Accordingly, Plaintiffs respectfully request the Court to grant the present Motion.

Dated: January 15, 2008                    ARIAS OZZELLO & GIGNAC LLP

By: *[signature]*
MIKE ARIAS
MARK A. OZZELLO
MIKAEL H. STAHLE

WALTER L. HAINES
UNITED EMPLOYEES LAW GROUP PC

Attorneys for Class Plaintiffs

# PROOF OF E-FILING SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the State of California, County of Los Angeles. I am over the age of 18 and not a party to the within suit; my business address is 6701 Center Drive West, Suite 1400, Los Angeles, California 90045.

On **January 15, 2008**, I served a true and correct copy of the foregoing document described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS** on the interested parties in this action as follows:

Barbara J. Miller, Esq.
Darren J. Campbell, Esq.
*Morgan, Lewis & Bockius LLP*
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: (949) 399-7000
Fax: (949) 399-7001
barbara.miller@morganlewis.com
dcampbell@morganlewis.com
*Attorneys for Defendants JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; and Chase Manhattan Mortgage Corporation*

[ ]  **BY MAIL:** I deposited the envelopes for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, the sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[ ]  **BY FAX:** I hereby certify that this document was served by facsimile delivery on the parties listed herein at their most recent fax number of record in this action on January 15, 2008, from Los Angeles, California.

[✓]  **BY E-MAIL:** I hereby certify that this document was served by e-mail delivery on the parties listed herein, via electronic transmission of the "Notice of Electronic Filing" (NEF), at the time of electronically filing the document(s).

[ ]  **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee named herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **January 15, 2008** at Los Angeles, California.

Leandra Kamba                                   *[signature]*
Type or Print Name                              Signature