Mike Arias, Esq. (CSB #115385)
Mark A. Ozzello, Esq. (CSB #116595)
Mikael H. Stahle, Esq. (CSB #182599)
ARIAS OZZELLO & GIGNAC LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045-1558
Tel: (310) 670-1600
Fax: (310) 670-1231
marias@aogllp.com

Walter L. Haines, Esq. (CSB #71075)
UNITED EMPLOYEES LAW GROUP, PC
65 Pine Avenue, Suite 312
Long Beach, CA 90802
Tel: (562) 256-1047
Fax: (562) 256-1006
walter@whaines.com

Attorneys for Class Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY TRINH, an individual, on behalf of himself and all others similarly situated; ERIC STOREY, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE & CO., a Delaware corporation; JPMORGAN CHASE BANK, N.A., a New York corporation; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation; DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. '07 CV-01666 W (WMC)<br><br>Hon. Thomas J. Whelan<br><br>**CLASS ACTION**<br><br>**DECLARATION OF ERIC STOREY IN SUPPORT OF MOTION TO FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS**<br><br>Date: February 19, 2008<br>Ctrm.: 7<br>  NO ORAL ARGUMENT<br>  PER LOCAL RULES<br><br>[FILED CONCURRENTLY WITH;<br><br>1. NOTICE OF MOTION;<br>2. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS;<br>3. DECLARATION OF JIMMY TRINH;<br>4. [PROPOSED] ORDER<br><br>Complaint Filed: August 22, 2007<br>Trial Date:       None |

Declaration of Eric Storey in Support of Plaintiffs' Motion
to Facilitate Notice to Potential Class Members

I, ERIC STOREY, declare as follows:

1. I have personal knowledge of the matters stated herein, except as to those matters stated upon information and belief, and as to those matters I believe them to be true. If called as witness, I could and would testify truthfully and competently to the matters stated herein.

2. I submit this declaration in support of Plaintiffs' Motion to Facilitate Notice to Class Members in the action entitled *Jimmy Trinh v. JP Morgan Chase & Co. et al.* United States District Court, Southern District of California.

3. I was hired by JP Morgan Chase & Co. ("JP Morgan") (on information and belief, acting in concert with, and on behalf of, co-defendants JP Morgan Chase Bank, N.A., and Chase Manhattan Mortgage Corporation) on December 1, 2006, to work in the Del Mar branch of Chase (the branch is now closed). I was hired as an "account executive" and "loan officer" to solicit loans. In essence, I was selling loans to brokers, realtors, other loan officers, and the general public. I was selling these loans based off of leads provided by JP Morgan and my own referral sources.

4. Within approximately a month and half of my hiring, I was sent to the Chase branch located in Rancho Bernardo, California for training. During my training, I was part of approximately 20 to 25 employees who were being simultaneously receiving the same information as myself. These other account executive and loan officer employees were from other branches across the country and included employees from: Texas, San Francisco, Florida and Sacramento.

5. During this training, all employees received the same directive with respect to our job duties and functions, were collectively informed of

the parameters which this job encompassed, and, the limits of our authority. At this seminar, I believe, to an "nth" degree of certainty, that each of the loan officers were given the same training manual. In addition, during my employment, I had conversations with numerous other employees, each of whom had been hired as account executives and loan officers, and each of whom indicated to me that their "training" was identical to that which I had received in Rancho Bernardo.

6. It is my understanding that each of the account executives and loan officers would solicit and sell loans based upon the same criteria. For example, the loan applications were identical, the applications were provided by JP Morgan, we would all obtain the same information from the loan applicants, and we would all enter that information into the same on-line system. If the potential borrower fit the all of the guidelines that were set forth by JP Morgan, then we would get approval from the branch and sales managers, to "sell" the loan.

7. Based on my interaction and conversations with other account executives and loan officers, both during training and afterwards when I began selling loans, it is my understanding that all of the base salaries and commission compensation for the account executives and loan officers were essentially the same.

8. There were 12 other account executive and loan officer employees in the Del Mar office and I interacted with each of them. Based on that interaction, it is my understanding that our job functions and method of compensation was the same. I also traveled to the Rancho Bernardo and Ontario branches for training. Based on my training in those offices, I can attest that that all of the loan officers literally

throughout the country, had the same job functions as in the Del Mar office and were compensated in the same fashion and based upon the same criteria.

9. While employed, I was required to work 10+ hours a day during the week. My branch manager informed me, and every other loan officer, that we were to work as many hours as possible, including after hours, to sell as many loans as possible. In fact, towards the end of my employment, the branch manager instituted a "mandatory" weekend lead call generation. Loan officers were required to work approximately 3 hours during the weekend making calls to potential loan applicants.

10. Based on my interaction and conversations with other account executives and loan officers, it is my understanding that none of these employees, including myself, were compensated for any of the overtime hours we worked. I know I was not.

1I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this 15 day of January, 2008, at San Diego, California.

*Eric Storey*
ERIC STOREY

# PROOF OF E-FILING SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the State of California, County of Los Angeles. I am over the age of 18 and not a party to the within suit; my business address is 6701 Center Drive West, Suite 1400, Los Angeles, California 90045.

On **January 15, 2008**, I served a true and correct copy of the foregoing document described as: **DECLARATION OF ERIC STOREY IN SUPPORT OF MOTION TO FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS** on the interested parties in this action as follows:

Barbara J. Miller, Esq.
Darren J. Campbell, Esq.
***Morgan, Lewis & Bockius LLP***
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: (949) 399-7000
Fax: (949) 399-7001
barbara.miller@morganlewis.com
dcampbell@morganlewis.com
*Attorneys for Defendants JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; and Chase Manhattan Mortgage Corporation*

[ ] **BY MAIL:** I deposited the envelopes for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, the sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[ ] **BY FAX:** I hereby certify that this document was served by facsimile delivery on the parties listed herein at their most recent fax number of record in this action on January 15, 2008, from Los Angeles, California.

[✓] **BY E-MAIL:** I hereby certify that this document was served by e-mail delivery on the parties listed herein, via electronic transmission of the "Notice of Electronic Filing" (NEF), at the time of electronically filing the document(s).

[ ] **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee named herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **January 15, 2008** at Los Angeles, California.

Leandra Kamba
Type or Print Name                    Signature