# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY TRINH et. al.,<br><br>　　　　　　　Plaintiffs,<br>vs.<br>JP MORGAN CHASE & CO. et. al.,<br><br>　　　　　　　Defendants. | CASE NO. 07-CV-1666 W (WMC)<br><br>**ORDER DENYING MOTION FOR CONDITIONAL CLASS CERTIFICATION (Doc. No. 15)** |

　　　　On August 22, 2007 Plaintiffs Jimmy Trinh et. al. ("Plaintiffs") commenced this class action alleging violations of federal and California labor law against Defendants JPMorgan Chase & Co. et. al. ("Defendants"). (Doc. No. 1.) On January 15, 2008 Plaintiffs moved for an order conditionally certifying a FLSA class and authorizing a proposed FLSA notice. (Doc. No. 15.) The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d)(1). For the following reasons, the Court **DENIES** Plaintiffs' motion to conditionally certify a FLSA class. (Doc. No. 15.)

///
///
///
///
///

## I. BACKGROUND

The Fair Labor Standards Act ("FLSA") requires employers to pay employees one and one-half times their regular rates of pay for all hours worked in excess of forty in a workweek if the employees are not "exempt" under several recognized categories. 29 U.S.C. § 207. Under various sections of federal and administrative law, employees may be exempt from mandatory overtime compensation if, *inter alia*, they are employed in an administrative capacity, if they are employed as outside salespersons, if they are highly compensated, or a combination of all three. See 29 U.S.C. § 213(a)(1) (Administrative and Outside Sales Exemptions); 29 C.F.R. § 546.601(a) (Highly Compensated Employee Exemption); 29 C.F.R. § 541.708 (Combination Exemption).

In late 2006, Defendant JPMorgan Chase & Co. hired Plaintiff Jimmy Trinh ("Trinh") and Plaintiff Eric Storey ("Storey") as loan officers to sell sub-prime mortgage loans from JP Morgan's Del Mar, California office. (*Trinh Decl.* ¶¶ 3, 12; *Storey Decl.* ¶ 3.) Under the employment terms, JPMorgan classified Plaintiffs as "commission" employees exempt from FLSA-mandated overtime compensation. (*Pls.' Mot.* 1.)

Plaintiffs Storey and Trinh declare that, in order to sell as many loans as possible, Defendant required them to work ten-plus hours per day during the week. (*Trinh Decl.* ¶ 9; *Storey Decl.* ¶ 9.) Plaintiffs also declare that towards the end of their employment they were required to work approximately three hours on weekends. (*Id.*) Both Storey and Trinh worked at JPMorgan for less than six months, only closed a single loan between them, and were ultimately terminated for poor performance and misconduct, respectively. (*Schilling Stmt.* ¶¶ 2–6.)

On August 22, 2007 Plaintiffs commenced this class action alleging violations of federal and California labor law against Defendants JPMorgan Chase & Co et. al. (Doc. No. 1.) Plaintiffs allege that they, and others similarly situated, were improperly classified as "commission" employees and denied overtime for hours worked in excess of forty per week. (See generally *Compl.*) Plaintiffs seek for themselves and others similarly situated unpaid wages, damages, restitution, penalties and injunctive relief.

(*Compl.*, Prayer.)

On January 15, 2008 Plaintiffs moved for an order conditionally certifying a FLSA class and authorizing a proposed FLSA notice. (Doc. No. 15.) Plaintiffs want to send notice to all current and former loan officers in California and nationwide, employed by Defendants, who did not receive overtime over the last three years, despite working over forty hours per week. (*Pls.' Mot.* 3–4.) Plaintiffs ask the Court to order Defendants to disclose the names and addresses of all such individuals. (*Id.*) Unlike class actions under Federal Rule of Civil Procedure 23,[1] Plaintiffs propose a FLSA "opt in" class action. (*Id.* 4–5.)

On March 3, 2008, after receiving an extension, Defendant filed its opposition to Plaintiffs' motion. (Doc. No. 27.) On April 3, 2008 Plaintiffs submitted their reply brief. (Doc. No. 37.)

## II. LEGAL STANDARD

An employee alleging violations of the FLSA may bring an action on behalf of himself or herself and all others "similarly situated." 29 U.S.C. § 216(b). Such "collective actions" benefit the judicial system by enabling the efficient resolution in one proceeding of common issues of law and fact. Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). However, unlike a Rule 23 class action, plaintiffs in a FLSA collective action must affirmatively "opt-in" to participate in the litigation. 29 U.S.C. § 216(b), Hipp v. Liberty Nat'l Life Ins., 252 F.3d 1208, 1217 (11th Cir. 2001). The Supreme Court has held that courts in actions under the FLSA may facilitate the issuance of a Notice informing potential "opt-in" plaintiffs of the pending collective action. Hoffman-LaRoche, 493 U.S. at 170.

///

///

---

[1] All future references to "Rule" are to the Federal Rules of Civil Procedure, unless otherwise noted.

**III. DISCUSSION**

Plaintiffs propose a FLSA collective action on behalf of

> All current and former loan officers of [Defendants] who, at any time in the three year period before the filing of this action or at any time thereafter, worked more than 40 hours in any given workweek but were not paid at least one and one-half times their regular rate of pay for all hours worked beyond 40 hours in such workweek.

(*Pls.' Mot.* 3–4.) To this end, Plaintiffs request that the Court conditionally certify the proposed class and order Defendants to disclose the names and addresses of all individuals described above. (*Id.* 2.) Plaintiffs request that notice of this lawsuit be sent to each individual, affording each an opportunity to "opt-in," which would purportedly advance judicial efficiency by resolving common issues of law and fact. (*Id.* 2, 4–6.)

Plaintiffs argue that the conditional certification standard is lenient and that they only need to present a modest factual showing to establish that other employees are "similarly situated" to themselves. (*Pls.' Mot.* 4–9.) Additionally, Plaintiffs argue that because the issuance of notice depends solely on the existence of similarly situated employees, the Court should not, at this time, consider the merits of the underlying suit. (*Pls.' Mot.* 10–11.)

Defendants, in response, contend that Plaintiffs cannot show that they are similarly situated to every other JPMorgan loan officer across the country. (*Defs.' Mot.* 10–24.) Because of the individualized inquiry required to determine whether each loan officer is "exempt," Defendants argue, Plaintiffs cannot show that they are similarly situated to other employees in different offices with different duties and different pay. (*Id.* 10–21.) Regardless, Defendants contend, Plaintiffs have not shown that Defendants have an unlawful policy of misclassifying loan officers as exempt from federally-mandated overtime laws. (*Id.* 21–24.)

For a FLSA "opt-in" procedure to be permissible, the Court must determine whether Plaintiffs are similarly situated to each other and to other individuals. <u>Wynn v. NBC</u>, 234 F. Supp. 2d 1067, 1081 (C.D. Cal. 2002). In making the "similarly

situated" determination, courts apply a two-tiered approach. <u>Id.</u> at 1082 (collecting various circuit cases). In the first or "notice" stage, the court makes a decision based on the pleadings and any affidavits that have been submitted. <u>Id.</u> The "similarly situated" determination is made based on a fairly lenient standard, and typically results in a "conditional certification" of a representative class. <u>Id.</u> In general, courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination. <u>Id.</u> (citing <u>Sperling v. Hoffman-LaRoche, Inc.</u>, 118 F.R.D. 392, 407 (D.N.J. 1988).

Determining whether proposed class members are similarly situated is fact specific. <u>Wynn</u>, 234 F. Supp. 2d at 1082. Courts look at several factors in determining whether plaintiffs are similarly situated, including: (1) whether there is evidence that the alleged activity was part of an institution wide practice; (2) the extent of the similarities among the members of the proposed collective action, in particular whether the members all are challenging the same employment practice; and (3) the extent to which the members of the proposed action will rely on common evidence. <u>Hyman v. First Union Corp.</u>, 982 F. Supp. 1, 3–5 (D.D.C. 1997). Plaintiffs have the burden of making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage a defendant's affidavits to the contrary. <u>Hipp v. Nat'l Liberty Life Ins. Co.</u>, 252 F.3d 1208, 1219 (11th Cir. 2001).

### A. **Plaintiffs Do Not Show That They Are Similarly Situated To All Loan Officers In the Proposed Class**

#### i. *Plaintiffs Have Not Shown the Extent Of Similarities Between Themselves and the Members of the Proposed Collective Action*

In support of their conditional certification request, Plaintiffs simply state that Plaintiffs and members of the putative class had essentially the same job description and training and were compensated in the same manner. (*Pls.' Mot.* 6.) The remainder of Plaintiffs' argument is comprised of boilerplate and legal conclusions. (*Pls.' Mot.* 7–10,

1 ("Plaintiffs have provided extensive evidence in their own declarations of the factual
2 and legal nexus binding Plaintiffs and potential class members...").)

3 The Court cannot agree with Plaintiffs that they have met their burden, however
4 lenient, to conditionally certify the broad FLSA class they propose. Plaintiffs'
5 declarations state the following: (1) Plaintiffs briefly worked at JPMorgan's Del Mar,
6 California office as sub-prime loan officers, (*Trinh Decl.* ¶ 3; *Storey Decl.* ¶ 3); (2)
7 Plaintiffs attended training in Southern California with several other (presumably new,
8 sub-prime) loan officers from around the country, (*Trinh Decl.* ¶ 4–5; *Storey Decl.*
9 ¶ 4–5); (3) Plaintiffs understood that other loan officer employees in Southern
10 California performed the same functions and received the same compensation, (*Trinh
11 Decl.* ¶ 7–8; *Storey Decl.* ¶ 7–8); and (4) based on (1) through (3), Plaintiffs believed
12 that all loan officers, everywhere, had the same job functions and were compensated in
13 the same fashion and based on the same criteria (*Trinh Decl.* ¶ 8; *Storey Decl.* ¶ 8.)

14 Although assuming—for now—that Plaintiffs have alleged that "misclassifying
15 loan officers as exempt" was an improper institution-wide practice,[2] they have not
16 detailed the extent to which all JPMorgan loan officers, nationwide, are similar. See
17 Hyman, 982 F. Supp. at 3–5 (laying out "similarly situated" factors). At most, Plaintiffs'
18 affidavits establish a few similarities in training and compensating rookie sub-prime loan
19 officers in the singular Southern California market. Plaintiffs provide no real evidence,
20 beyond their own speculative beliefs, suggesting that all JPMorgan loan officers across
21 the country, regardless of location or experience, receive the same compensation and

---

[2] Several courts have found that merely alleging that a class of employees was wrongly designated "exempt" does not constitute a showing of an unlawful, institution-wide policy. See, e.g., Chemi v. Champion Mortgage, No. 05cv01238-WHW-CCC, at 6 (D.N.J. June 19, 2006) (finding allegation of improper exempt classification insufficient because if that were true "every case brought before the courts alleging improper designation as non-exempt employees would automatically qualify for conditional certification."); Morisky v. Pub. Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 498 (D.N.J. 2000) (denying conditional certification because plaintiff's alleged common scheme was nothing more than defendant's "determination that they are exempt under the FLSA"). Because Plaintiffs' only allegation that Defendants engaged in a wrongful policy is that Defendants uniformly classified Plaintiffs and other loan officers as "exempt," the Court follows Morisky and other courts in finding that Plaintiffs have failed to make substantial allegations identifying an unlawful nationwide policy.

are required to work in the same manner. Although Plaintiffs' burden is lenient, the Court nonetheless finds that Plaintiffs have failed to provide the modest factual showing that they and the broad class they wish to represent are similarly situated with respect to job requirements and pay provisions. See Harper v. Lovett's Buffet, Inc., 185 F.R.D. 358, 362 (M.D.Ala. 1999) ("Plaintiffs have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist in the broad class that they propose.").[3]

### ii. *Plaintiffs Have Not Shown the Extent To Which Proposed Class Members Will Rely on Common Evidence*

The thrust of Plaintiffs' conditional certification argument is that all JPMorgan loan officers were unlawfully classified as "exempt" employees, and Defendant owes them overtime for time worked over forty hours and on weekends. (*Compl.* ¶¶ 13–14.) Neither Plaintiffs' declarations nor moving papers, however, argue that Plaintiffs and the purported class will rely on common evidence in proving the merits of their collective case. Defendants argue that, indeed, this would be impossible; whether or not an employee is "exempt" under relevant labor laws involves an analysis of each individual loan officer's daily duties and compensation and whether they meet several statutory and administrative exemptions. (*Defs.' Mot.* 10–13.)

If the ultimate issue to be determined is whether each employee was properly classified as exempt under the FLSA, the "similarly situated" inquiry must be analyzed in terms of the nature of each putative plaintiff's job duties. Holt v. Rite Aid Corp., 333

---

[3]On the other hand, Defendants have provided affidavits suggesting that JPMorgan loan officers have varied job duties and compensation depending on their location, experience, business plans, whether they attend loan closings, whether they spend time on credit counseling, whether they use assistants, how many loans they close, how their managers operate, and how successful they are. (*Defs.' Mot.* 14–20 (comparing affidavits in *Darren Campbell Decl.,* Exs. A–L.) However, Plaintiffs have raised the specter of a discovery violation by Defendant for failing to turn over the declarations. The Court does not now decide whether or not Defendants violated their discovery obligations, and it suffices to say that Plaintiffs have failed to carry their burden regardless of whether Defendant's declarations are considered.

F. Supp. 2d 1265, 1272 (M.D.Ala. 2004).

In this case, whether JPMorgan loan officers are "exempt" necessarily involves a fact-by-fact inquiry into the circumstances of each employee to see if he or she falls within an administrative, outside sales, highly compensated, combination, or any other exemption.[4] Plaintiffs have not put forth any arguments suggesting that Plaintiffs and the putative class will rely on *any* common evidence to prove that each putative plaintiff falls outside each of these exemptions and is due overtime compensation. Other courts analyzing complex litigation concerning whether loan officers were exempt have concluded that the need for individual evidence makes a class or collective action an unwieldy method for determining the rights of many litigants. See, e.g., Olivo v. GMAC Mortgage Corp., 374 F. Supp. 2d 545 (E.D. Mich. 2004) (denying collective action notice due to presence of outside sales exemption); Vinole v. Countrywide Home Loans, 246 F.R.D. 637, 641 (S.D. Cal. 2007) (denying, in Rule 23 class action, class certification for mortgage loan officers because court would need to make individualized inquiry in determining award of back pay); Chemi v. Champion Mortgage, No. 2:05cv01238-WHW-CCC, at 9 (D.N.J. June 19, 2006) (denying collective action notice in mortgage loan officer case, holding that "any determination of whether an employee is properly exempted under the FLSA involves a fact-intensive inquiry into each putative class member's employment circumstances."); see also Holt, 333 F. Supp. 2d at 1272 (denying collective action notice to store managers and assistant store managers

---

[4] For instance, there are many relevant inquiries a fact-finder must answer when deciding whether any particular loan officer is exempt from FLSA overtime requirements. These include: the job duties actually performed by each loan officer on a daily basis, Haines v. Southern Retailers, Inc., 939 F. Supp. 441, 447 (E.D. Va. 1996); the time each loan officer spent performing day-to-day tasks, Scott v. Maersk, Inc., No. G035746 (Cal. Ct. App. Aug. 30, 2006); the importance of the duties performed by each loan officer, 29 C.F.R. § 541.700(a); whether each loan officer collected and analyzed information regarding a customer's financial picture and, if so, how much time was spent performing this function, 29 C.F.R. § 541.203(b); the extent to which each loan officer engaged in sales duties, 29 C.F.R. § 541.500(a)(1)–(2); the amount of time each loan officer worked outside the office, 29 C.F.R. § 541.500(a)(1)–(2); whether each loan officer made over $100,000, 29 C.F.R. § 541.601(a); and whether each loan officer performed a sufficient mix of different types of exempt duties to qualify for the combination exemption, 29 C.F.R. § 541.708. Plaintiffs have not alleged that the putative class and themselves are so similarly situated that evidence common to all of them will suffice to show that each Plaintiff falls outside these exemptions.

where duties of each employee needed to be individually evaluated); Pfohl v. Farmers Ins. Group, 2004 U.S. Dist. LEXIS 6447, at *27 (C.D. Cal. Mar. 1, 2004) ("[D]iffering job duties and [an] individualized inquiry to determine whether these varying duties meet the administrative exemption preclude a collective action.").

Recognizing that Plaintiffs have not shown that they plan to rely on common evidence does not equal a determination on the merits. C.f. Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (holding weighing merits at notice stage improper). Here, the Court is not opining whether Plaintiffs, or any other loan officers, have meritorious claims to overtime compensation; rather, the Court is examining the legal backdrop and type of evidence required to prove whether *any* employee is exempt or not.[5] Because of the individualized inquiries involved, the Court finds that judicial economy would not be advanced by allowing this suit to proceed as a collective action. See Hinojos v. Home Depot, Inc., 2006 U.S. Dist. LEXIS 95434, at *6 (D. Nev. Dec. 1, 2006) ("[T]he need for separate mini-trials to resolve each individual's claim… is the antithesis of collective action treatment.").

### IV. CONCLUSION

For the above reasons, the Court finds that Plaintiffs have failed to show that they are entitled to an order conditionally certifying a FLSA opt-in collective action and directing Defendants to provide the names and addresses and notify all current and former JPMorgan loan officers who worked for Defendants in the last three years who worked over forty hours and did not receive overtime pay. Simply, Plaintiffs'

---

[5] Plaintiffs' Reply, in arguing that no individual inquiries are necessary because none of the exemptions actually apply to Plaintiffs Trinh and Storey, cuts against their first argument that Plaintiffs are similarly situated to all JPMorgan loan officers nationwide. (*Pls.' Reply* 8–9.) For instance, Plaintiffs argue that each exemption fails because their primary job was selling loans to various third parties, they were not regularly engaged in business away from the office, they were not highly compensated, and the combination exemption is inapplicable. (*Id.*) However, Plaintiffs have not alleged—nor does the Court believe that they could allege—that *all* JPMorgan loan officers, nationwide, *only* sell loans to third parties, *do not* regularly work away from the office, *are not* highly compensated, and *are not* eligible from the combination exemption.

1 declarations do not establish that they are similarly situated to other members of the
2 proposed class. Moreover, determining whether employees are "exempt" from FLSA
3 overtime requirements involves a highly individualized inquiry into the job duties and
4 compensation of each employee. Because Plaintiffs do not allege that they will rely on
5 common evidence to prove their class-wide claims, the Court finds that certifying a
6 collective action would not advance the collective action's goal of judicial economy.
7 Accordingly, the Court **DENIES** Plaintiffs' motion for an order conditionally certifying
8 an FLSA collective action. (Doc. No. 15.)

10      **IT IS SO ORDERED.**

21 DATED: April 22, 2008

_____
Hon. Thomas J. Whelan
United States District Judge