MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL, State Bar No. 257163
DARREN J. CAMPBELL, State Bar No. 223088
5 Park Plaza, Suite 1750
Irvine, CA  92614
Tel:  949.399.7000
Fax:  949.399.7001
cgonell@morganlewis.com
dcampbell@morganlewis.com

Attorneys for Defendants
JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.; and CHASE MANHATTAN MORTGAGE CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY TRINH, an individual, on behalf of himself and all others similarly situated; ERIC STOREY, an individual, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>JPMORGAN CHASE & CO., a Delaware corporation; JPMORGAN CHASE BANK, N.A., a New York corporation; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation; DOES 1 THROUGH 10, inclusive,<br><br>　　　　　Defendants. | CASE NO. 07-CV-01666 W (WMC)<br><br>**JOINT MOTION RE: REQUEST TO FILE CONFIDENTIAL SETTLEMENT AGREEMENTS UNDER SEAL PURSUANT TO LOCAL RULES 7.2 AND 79.2(c)** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/62500425.1

JOINT MOTION RE: REQUEST TO FILE
SETTLEMENT AGREEMENT UNDER SEAL

CASE NO. 07-CV-01666 W (WMC)

## I. INTRODUCTION

By this joint motion, Plaintiffs Jimmy Trinh and Eric Storey ("Plaintiff") and Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and Chase Manhattan Mortgage Corporation ("Defendants") (collectively, the "parties") seek an Order permitting the parties to file their confidential settlement agreement under seal. Under applicable federal law, the settlement agreement must be submitted to the Court for review and approval before this matter can be dismissed. The parties have met and conferred regarding the necessity of keeping the terms of the settlement agreement confidential, and stipulate that the settlement agreement should be filed under seal to protect the confidentiality of its terms. If the confidentiality of the agreement is not assured, there is a significant risk that the settlement will falter.

It is within the Court's discretion to grant this request and relevant case law strongly supports such a decision. As discussed below, courts have repeatedly confirmed that the confidentiality of settlement agreements should be protected where, as here, the parties agree that confidentiality is an essential condition of the settlement. Accordingly, the parties seek an order permitting the confidential settlement agreement to be filed under seal.

## II. PROCEDURAL BACKGROUND

On August 22, 2007, Plaintiffs filed suit against Defendants alleging that Defendants improperly classified Plaintiffs, and other allegedly similarly situated individuals, as exempt from overtime and meal and rest period requirements, failed to provide itemized wage statements, and failed to reimburse expenses. On January 15, 2008, Plaintiffs moved to conditionally certify a Fair Labor Standards Act ("FLSA") Collective Action and Facilitate Notice to Potential Class Members. [Docket Nos. 14-17.] On April 22, 2008, the Court denied Plaintiffs' motion for conditional certification under the FLSA. [Docket No. 38.] Thereafter, Plaintiffs did not seek collective action or class certification under either the FLSA or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/62500425.1

2

JOINT MOTION RE: REQUEST TO FILE
SETTLEMENT AGREEMENT UNDER SEAL

CASE NO. 07-CV-01666 W (WMC)

1 California labor law.

2 In January of 2009, the parties executed two confidential Settlement and General Release Agreements ("Confidential Settlement Agreements"). As part of the Confidential Settlement Agreements, the parties agreed to dismiss with prejudice all claims contained within Plaintiffs' Complaint. In addition, as part of the consideration, Plaintiffs agreed to release, among other things, any and all claims that they have (or had) against Defendants for wages pursuant to the FLSA.

Under the FLSA, court approval is required before FLSA claims can be settled and dismissed. *See Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Therefore, the parties must allow the Court to review and approve the settlement agreement before the case can be dismissed. If the settlement agreement is filed with the Court, however, the document will become public and its terms will no longer be confidential. In order to satisfy the requirements of the FLSA while preserving the confidentiality of the settlement agreement, the parties request that the settlement agreement be filed under seal for the Court's review and approval and remain permanently under seal after this case has been dismissed.

## III. DISCUSSION

The decision to seal records is left to the discretion of the District Court. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), (*citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978)). In determining whether the sealing of documents is proper, courts should consider "the interests advanced by the parties in light of the public interest and the duty of the courts." *Tragesser*, 49 F.3d at 1434, *citing*, *Nixon*, 435 U.S. at 602. The decision is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Tragesser*, 49 F.3d at 1434, (*citing Nixon*, 435 U.S. at 599).

Under this framework, it is well-established that confidential settlement

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/62500425.1                              3

JOINT MOTION RE: REQUEST TO FILE
SETTLEMENT AGREEMENT UNDER SEAL                    CASE NO. 07-CV-01666 W (WMC)

1   agreements should be sealed when necessary to promote settlement or preserve the
2   parties' desired confidentiality.  *City of Hartford v. Chase*, 942 F.2d 130, 135 (2nd
3   Cir. 1991) ("a federal judge has the power to prevent access to settlement
4   negotiations [by sealing settlement documents] when necessary to encourage the
5   amicable resolution of disputes"); *In re Franklin Nat'l Bank Sec. Litigation*, 92
6   F.R.D. 468, 471-72 (E.D.N.Y. 1981) (refusing to unseal settlement documents and
7   noting that "secrecy of settlement terms . . . is a well-established American
8   litigation practice").  Indeed, courts have applied this rationale in approving parties'
9   requests to seal confidential settlement agreements that were submitted for court
10  approval in cases under the FLSA.  *Gilmore v. Nationwide Ins. Co. of Am.*, 2006
11  U.S. Dist. LEXIS 88919 (M.D. Ala. December 8, 2006); *Viada v. Osaka Health
12  Spa, Inc.*, 2006 U.S. Dist. LEXIS 84744 (S.D.N.Y. June 27, 2006).
13       Here, the balance of interests strongly favors the parties' request to file the
14  confidential settlement agreement under seal.  The public interest in disclosure of
15  the terms of this settlement, if any, is minimal because this is a private settlement
16  reached exclusively between Plaintiffs and Defendants.  Further, one of the
17  essential conditions of the proposed settlement is confidentiality.  Indeed, there is a
18  significant possibility that the settlement will not go forward if confidentiality is not
19  ensured.  Public policy strongly favors encouraging settlement by keeping
20  settlement agreements confidential.  *Hasbrouck v. BankAmerica Hous. Servs.*, 187
21  F.R.D. 453, 458 (N.D.N.Y. 1999) ("protecting the confidentiality of the settlement
22  agreement promotes the important public policy of encouraging settlements").
23       The parties are in agreement that the interests of both Plaintiffs and
24  Defendants are best served by filing the settlement agreement under seal.  In light
25  of the absence of a strong public interest in favor of revealing these sensitive
26  materials and the strong public policy in favor of encouraging settlement, the
27  interest in keeping this information confidential and under seal is the overriding
28  interest.  For these reasons, the "balance of the equities" falls in favor of granting

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/62500425.1                                    4

JOINT MOTION RE: REQUEST TO FILE
SETTLEMENT AGREEMENT UNDER SEAL                              CASE NO. 07-CV-01666 W (WMC)

the parties' request to file the Confidential Settlement Agreements under seal.

## IV. CONCLUSION

The parties respectfully request that this Court grant their Request.

Dated: January 26, 2009

MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL
DARREN J. CAMPBELL

By: _____ on behalf of
Carrie A. Gonell
Attorneys for Defendants
JPMORGAN CHASE & CO.; JP MORGAN CHASE BANK, N.A.; and CHASE MANHATTAN MORTGAGE CORPORATION

Dated: January 23, 2009

ARIAS OZZELLO & GIGNAC LLP
MIKAEL STAHLE

By: _____
Mikael Stahle
ATTORNEYS FOR PLAINTIFFS
JIMMY TRINH AND ERIC STOREY

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/62500425.1

5

JOINT MOTION RE: REQUEST TO FILE
SETTLEMENT AGREEMENT UNDER SEAL

CASE NO. 07-CV-01666 W (WMC)

# PROOF OF SERVICE

*Trinh v. JPMorgan Chase*
**USDC Case No. 07-cv-01666 W-WMC**

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On January 26, 2009, I served the within document(s):

**JOINT MOTION RE: REQUEST TO FILE CONFIDENTIAL SETTLEMENT AGREEMENTS UNDER SEAL PURSUANT TO LOCAL RULE 7.2 AND 79.2(c)**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid-**Certified Mail-Return Receipt Requested**, in the United States mail at Irvine, California addressed as set forth below.

☐    by causing the document(s) listed above to be personally delivered at to the person(s) at the address(es) set forth below.

☐    by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below on January 26, 2009. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is pmartin@morganlewis.com.

Mike Arias, Esq.
Mark A. Ozzello, Esq.
Mikael H. Stahle, Esq.
Jason E. Barsanti, Esq.
Julian A. Moore, Esq.
ARIAS OZZELLO & GIGNANC LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045-1558

Tel: 310-670-1600
Fax: 310-670-1231
marias@aogllp.com
mozzello@aogllp.com
mstahle@aogllp.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/62002078.1

ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on January 26, 2009, at Irvine, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

_____
Patricia Martin

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/62002078.1

2