# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY TRINH, an individual, on behalf of himself and all others similarly situated; ERIC STOREY, an individual, on behalf of himself and all others similarly situated,<br><br>                  Plaintiffs,<br>  v.<br><br>JPMORGAN CHASE & CO., a Delaware corporation; JPMORGAN CHASE BANK, N.A., a New York corporation; CHASE MANHATTAN MORTGAGE CORPORATION, a New Jersey corporation; DOES 1 THROUGH 10, inclusive,<br><br>                  Defendants. | CASE NO: 07-CV-01666 W (WMC)<br><br>**ORDER RE: DISMISSAL WITH PREJUDICE OF ALL CLAIMS** |

      Pending before the Court is the parties' joint motion for approval of settlement and request for dismissal with prejudice of all claims. Good cause appearing, the Court **GRANTS** the motion. (Doc. No. 60.)

      The proposed settlement before the Court includes, among other things, a release of any and all claims that Plaintiffs have (or had) against Defendant JPMorgan Chase

& Co., JPMorgan Chase Bank, N.A., and Chase Manhattan Mortgage Corporation ("Defendants") for wages under the Fair Labor Standards Act ("FLSA"), §§ 210, *et seq.* Claims of this nature can only be settled under the authority of either the Secretary of Labor or the district court. <u>Hand v. Dionex Corp.</u>, 2007 WL 3383601, *1 (D.Ariz.2007) (citing <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982)). In order to approve the settlement, the Court must "determine whether the settlement is a fair and reasonable resolution of a bona fide dispute." <u>Yue Zhou v. Wang's Rest.</u>, 2007 WL 172308, *1 (N.D. Cal. Aug. 8, 2007) (citing <u>Lynn's Food Stores, Inc.</u>, 679 F.2d at 1354 ("If a settlement in an employee FLSA suit...reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.")).

After a confidential *in camera* review of the two confidential Settlement and General Release Agreements ("Confidential Settlement Agreements") filed under seal by the parties, the Court determines that the terms of the settlement of this litigation are fair and reflect a reasonable compromise of Plaintiffs' claims, including the amount contemplated to be paid to Plaintiffs for resolution of their claims. The Court, moreover, has determined that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned. <u>See, e.g., Officers for Justices v. Civil Service Commission</u>, 688 F.2d 615, 625 (9th Cir. 1982).

Finally, in approving the parties' settlement agreement, the Court balanced numerous factors, including the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the extent of the discovery completed, the stage of the proceedings, and the experience and views of counsel. <u>See, e.g., Torrisi v. Tucson Electric Power Co.</u>, 8 F.3d 1370, 1375 (9th Cir. 1993). Accordingly, the Court approves the settlement in its entirety.

The Court, thus having approved of the settlement of the claims in this matter, hereby **DISMISSES WITH PREJUDICE** all claims which were brought, or could have been brought, by Plaintiffs Jimmy Trinh and Eric Storey in their Complaint, filed on August 22, 2007. (Doc. No. 1.) This Court further approves the release by Plaintiffs of any claims and potential claims as set forth in the Confidential Settlement Agreements, including, but not limited to, any claims against Defendants for wages under FLSA.

Neither this Order nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules, including but not limited to California Code of Civil Procedure § 382; (b) of an adjudication of the merits of this case or that any party has prevailed in this case; or (c) that the Defendants or others have engaged in any wrongdoing.

**IT IS SO ORDERED.**

DATED: March 3, 2009

_____
Hon. Thomas J. Whelan
United States District Judge